IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN CHARLES BEYETT,<br><br>        Petitioner,<br><br>  vs.<br><br>JAMES A. YATES, Warden,<br><br>        Respondent.<br>_____ / | No. C 06-7598 WHA (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |

      This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Before the Court for ruling are petitioner's motion for appointment of counsel and respondent's opposed motion to dismiss on statute of limitations grounds.

## DISCUSSION

**1.    PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**

      The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

      Petitioner has presented his claims adequately and has done a good job opposing the motion to dismiss. The interests of justice do not require appointment of counsel.

///

## 2. RESPONDENT'S MOTION TO DISMISS

Respondent contends that the petition is barred by the statute of limitations.

The statute of limitations is codified at 28 U.S.C. § 2244(d). Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

Respondent asserts, and petitioner does not dispute, that he was convicted in 1998 and did not appeal. He filed his first state habeas petition in superior court on May 11, 2004; it was denied on May 25, 2004. He then filed another petition in superior court, this one on September 1, 2004; it was denied on September 23, 2004. On October 21, 2004, he filed a petition in the California Court of Appeal; it was denied on November 3, 2004. On December 17, 2004, he filed a petition in the California Supreme Court; it was denied as untimely on December 14, 2005. The petition in this case was filed on December 5, 2006.

The petition thus appears to be untimely unless the limitations period started running from a date other than the deadline for seeking direct review or unless tolling applies. Petitioner (1) argues for a different starting date and (2) contends that he is entitled to equitable tolling or that he comes within a putative exception for petitioners who can show that they are "actually innocent."[1]

---

[1] Statutory tolling, which is available for the time a state collateral review proceeding is pending, would not be relevant here in the absence of either (1) a different starting date than expiration of the time to appeal or (2) equitable tolling, because petitioner's first state habeas

2

Petitioner argues that the limitations period should start running with the date defined by either subsections (B) or (C) of § 2244(d)(1): "(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; or (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review."

Petitioner argues that subsection (C) should provide the starting date because *Cunningham v. California*, 127 S. Ct. 856 (2007), applies to his claims. In *Cunningham* the Court held that California's determinate sentencing law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence. *See id.* at 871. Petitioner's argument fails, however, because *Cunningham* has not been "made retroactive to cases on collateral review," a requirement of subsection (C). As a result, the limitations period cannot be calculated from when *Cunningham* was decided in 2007.

Petitioner also argues that he suffered from "an impediment to filing an application created by State action in violation of the Constitution or laws of the United States" which prevented him from filing, so the starting date should be when the impediment was removed. *See* 28 U.S.C. § 2244(d)(1)(B). The impediment to which he refers is his contention that he was unable to obtain necessary transcripts. As evidence of his inability to obtain them and his diligence in attempting to, he provides copies of the state court filings he made asking for them. The copies, which are attached to his opposition, establish that on March 13, 2001, the superior court granted him copies of the preliminary hearing transcript and a partial sentencing transcript that were in the file, but otherwise denied his request for preparation of additional transcripts at public expense, noting that no direct appeal was pending (Pet'r Opp'n

---

petition was not filed until long after the limitations period expired, if calculated from expiration of time to appeal. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

3

Ex. A-1). In an order entered on November 18, 2002, the superior court denied another motion for transcripts, this time mentioning that there was a specific request for records of a *Marsden* hearing, and again basing the denial on the fact that there is no right to transcripts except for direct appeal (*id.* at Ex. A-3).

It is not clear whether petitioner ever did receive the transcripts he seeks, or if he did, when that was. Petitioner has failed to establish a factual basis for his "impediment" argument because he has filed to establish when the alleged impediment was lifted; there is no date from which the Court could calculate the limitations period. This argument is without merit.

Furthermore, the latest possible starting date under the impediment theory would be when he filed his first state habeas petition in 2004, because that filing showed that he was no longer impeded.[2] Under that scenario, the limitations period would be statutorily tolled for as long as his state petitions were "pending." *See* 28 U.S.C. § 2244(d)(2). His last state petition was denied by the California Supreme Court on December 14, 2005, with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998). That page of *Robbins* sets out California's timeliness standards, that is, the state court denied the petition as untimely. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 412-13 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)); *Bonner v. Carey*, 425 F.3d 1145, 1148-49 (9th Cir. 2005), *amended*, 439 F.3d 993 (9th Cir. 2006) (state court's imposition of procedural bar of untimeliness, even joined with denial on the merits, means petition was not properly filed under rule announced in *Pace*). Petitioner thus does not get statutory tolling for the time his California Supreme Court petition was pending nor for the gap between decision of his

---

[2] At that point petitioner probably had not exhausted his state remedies, a condition precedent for granting federal habeas relief. *See* 28 U.S.C. § 2254(b), (c). That would not have prevented him from *filing* a federal petition, however, and asking that it be stayed pending exhaustion. *See Pace*, 544 U.S. at 416 (prisoners may avoid the risk of having the federal statute of limitations expire while they are exhausting their state remedies "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted.") (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).

4

1  California Court of Appeal petition and his filing in the supreme court.  In consequence, as
2  respondent correctly argues, 762 days elapsed between the California Court of Appeal
3  decision and his filing this federal petition.  In short, even if his argument that lack of the
4  transcripts was an unconstitutional impediment is accepted and the limitations period is
5  deemed to have begun running at the last possible time for lifting of the impediment, the
6  petition was still untimely.

7  Petitioner also contends that he is entitled to equitable tolling because of the transcript
8  difficulty.  For the reasons set out above, he has not established that the lack of transcripts
9  made it impossible to file this petition on time, so this argument also is without merit.  *See*
10  *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997),
11  *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163
12  F.3d 530 (9th Cir. 1998) (en banc) (equitable tolling should be granted only if "extraordinary
13  circumstances beyond a prisoner's control make it impossible to file a petition on time.")
14  (citation and internal quotation marks omitted).

15  Finally, petitioner contends that his petition is not barred because his conviction was a
16  "fundamental miscarriage of justice."  The actual innocence gateway established in *Schlup v.*
17  *Delo*, 513 U.S. 298 (1995), may be available to a petitioner whose petition is otherwise barred
18  by AEDPA's limitations period.  *See Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002)
19  (implying that unavailability of actual innocence gateway would raise serious constitutional
20  concerns and remanding to district court for a determination of whether actual innocence
21  claim was established before deciding whether gateway is available under AEDPA).  The
22  Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can
23  show that "a constitutional violation has probably resulted in the conviction of one who is
24  actually innocent."  *Schlup*, 513 U.S. at 327.  To show actual innocence, a petitioner must
25  "present[] evidence of innocence so strong that a court cannot have confidence in the outcome
26  of the trial unless the court is also satisfied that the trial was free of non-harmless
27  constitutional error."  *Id.* at 316.

28  Petitioner here does not show, or even attempt to show, *actual* innocence; rather, he

5

1  argues that the procedure followed at his sentencing was constitutionally flawed. He thus has
2  failed to establish that there was a fundamental miscarriage of justice sufficient to avoid the
3  limitations bar.

## CONCLUSION

Petitioner's motion for appointment of counsel (document number 11 on the docket) is **DENIED**. Respondent's motion to dismiss (document number 5) is **GRANTED**. The petition is **DISMISSED**. The clerk shall close the file.

   **IT IS SO ORDERED.**

Dated: September    10   , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\BEYETT598.MDMSS.wpd