IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNN CHARLES BEYETT,<br><br>    Petitioner,<br><br>  vs.<br><br>JAMES A. YATES, Warden,<br><br>    Respondent. | No. C 06-7598 WHA (PR)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

This is a habeas case under 28 U.S.C. § 2254 filed pro se by a state prisoner. The Court granted respondent's motion to dismiss on statute of limitations grounds. Petitioner has filed a notice of appeal and an application for a certificate of appealability.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Petitioner was convicted in 1998 and did not appeal.  His first state habeas petition was not filed until 2004, and this petition was not filed until December of 2006.  The statute of limitations thus expired long before any state petition was filed, much less this one, unless the limitations period is calculated from a different starting date than expiration of the time for direct appeal or unless equitable tolling applies.

Petitioner contended that lack of transcript was a state-created unconstitutional impediment that delayed the start of the limitations period under 28 U.S.C. § 2244(d)(1)(B), but the Court concluded both that he had not established when the impediment was lifted, and that even calculating the date for the lifting of the impediment at its very latest, when the state petition was filed, this petition still was untimely.  Petitioner also contended that he was entitled to tolling because he is "actually innocent," *see Majoy v. Roe*, 296 F.3d 770, 776-77 (9th Cir. 2002), but failed to argue actual, as opposed to legal, innocence.

Jurists of reason would not find these grounds debatable or wrong.  The motion for a COA (document number 17 on the docket) is **DENIED**.

The clerk shall transmit the file, including a copy of this order, to the Court of Appeals. *See* Fed. R.App.P. 22(b); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Petitioner may then ask the Court of Appeals to issue the certificate, *see* R.App.P. 22(b)(1), or if he does not, the notice of appeal will be construed as such a request, *see* R.App.P. 22(b)(2).

**IT IS SO ORDERED.**

Dated: October  9 , 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\BEYETT598.COA.wpd